**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **HERBERT BROOKS** | **CIVIL ACTION NO. 1:24-CV-01063** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **LOWE'S HOME CENTERS, LLC** | **MAG. JUDGE JOSEPH H.L. PEREZ-MONTES** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNSOLICITED RESPONSE TO THE COURT'S SHOW CAUSE ORDER (DOC. 60)**

**MAY IT PLEASE THE COURT:**

Plaintiff, Herbert Brooks, respectfully moves this Court to strike Document 60, Defendant Lowe's Home Centers, LLC's "Response to the Show Cause Order." Defendant's filing is an unauthorized, unsolicited, and procedurally improper intervention into a disciplinary inquiry that is strictly between this Court and Plaintiff's counsel. Furthermore, Document 60 attempts to hijack this Court's targeted inquiry by injecting irrelevant grievances from unrelated state-court litigation and hallucinated factual assumptions that have no bearing on this case.

For these reasons, Document 60 should be stricken from the record.

**I. PROCEDURAL BACKGROUND**

On April 7, 2026, this Court issued a Memorandum Order directing Plaintiff's counsel, W. Paul Wilkins and Ross M. LeBlanc, to "show cause in writing within fourteen (14) days... why they should not be sanctioned for misquoting precedent, under Fed. R. Civ. P. 11". The Court's directive was expressly and exclusively aimed at Plaintiff's counsel. It did not invite, request, or authorize briefing from Defendant.

Both Mr. LeBlanc and Mr. Wilkins timely complied with the Court's Order. Mr. LeBlanc submitted a declaration clarifying that he did not draft or review the pleading in question. Mr. Wilkins filed a response accepting full and personal responsibility for the citation errors, detailing his specific use of the artificial intelligence platform "Claude" to draft the initial brief, and outlining the internal verification steps that failed to catch the errors.

Despite being entirely unprompted by the Court, Defendant filed a 15-page "Response to the Show Cause Order," with 116 pages of exhibits, on April 13, 2026. By Defendant's own admission in the very first paragraph of the filing, "Defendant did not believe a response was required on its behalf". Nevertheless, Defendant used the filing to launch a broadside attack against the Dudley DeBosier law firm, alleging a "systemic issue" with AI use across the firm. To construct this attack, Defendant attached and extensively briefed matters from four unrelated state-court cases (*Rushing*, *Hawco*, *Woodard*, and *Tremont*).

## II. LAW AND ARGUMENT

**A. A Sua Sponte Rule 11(c)(3) Show Cause Proceeding Is an Inquiry Between the Court and Counsel — Not an Invitation for Adversarial Piling-On.**

When a court issues a show cause order sua sponte under Rule 11(c)(3), the resulting proceeding is a disciplinary inquiry solely between the Court and the responding attorney. The Fifth Circuit has recognized a sharp procedural distinction between party-initiated sanctions under Rule 11(c)(2) and court-initiated sanctions under Rule 11(c)(3).[1] The procedural safeguards of Rule 11(c)(3) run between the Court and the attorney whose conduct is in question; Rule 11 itself

---

[1] See *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 377–79 (5th Cir. 2008) (describing the two procedures as alternatives, with differing procedural prerequisites and differing limits on available sanctions).

contemplates no role for an opposing party in the court-initiated process.[2] As this Court itself framed the inquiry, the question presented is "about trust" — the trust between the Court and the attorneys who practice before it. (DOC 58 at 8). That relationship is one between the Court and counsel; it is not a matter on which opposing counsel has standing to brief or opine.

Defendant Lowe's was not directed to respond to the Court's show cause order. Defendant has no procedural standing to do so. Document 60 is an unauthorized, uninvited filing that should be stricken on that basis alone.

**B. This Court's Inherent Authority, Consistent with Rule 12(f), Permits Striking Document 60.**

Although Rule 12(f) speaks literally of striking matter from "pleadings" as defined in Rule 7(a), federal district courts possess inherent authority to sanction conduct that abuses the judicial process and to control the litigation before them — including by refusing to give effect to filings that exceed the scope of the court's orders.[3]

The governing rule in this Circuit is that courts may invoke their inherent authority to address improper conduct where "there is no statute or rule that adequately addresses the conduct." *Moller v. Martian Sales, Inc.,* No. 24-228, 2026 WL 468815, at *4 (E.D. La. Feb. 19, 2026) *(quoting Keplar v. Google, LLC, 346 F.R.D. 41, 55 (N.D. Tex. 2024)); see also Chambers v.*

---

[2] *See id.* at 378 (Rule 11(c)(3) authorizes the court, "on its own," to order the responding attorney to show cause); see also Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments (noting that monetary sanctions after a court-initiated show cause order are "limited to a penalty payable to the court").

[3] See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406–07 (5th Cir. 1993); *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010); *see In re Smith*, 656 F.2d 1101, 1104 n.8 (5th Cir. 1981) (approving "an innovative hybrid" of striking procedures where "immaterial, impertinent or scandalous matter" warranted excision from the record even though no formal rule directly reached the circumstance).

*NASCO, Inc.,* 501 U.S. 32, 50 (1991). That rule fits the present circumstances. Rule 12(f), by its literal terms, reaches only Rule 7(a) "pleadings," and Document 60 is not such a pleading. Nor does Rule 11(c)(3) — the rule governing this Court's sua sponte show cause inquiry — contemplate any role for opposing counsel. No rule of civil procedure adequately addresses the conduct Plaintiff seeks to remedy: an uninvited filing by a non-targeted party that injects unrelated matter into a court-initiated disciplinary inquiry. Under the rule Moller articulates, this Court's inherent authority supplies the necessary power to strike.

**C. Document 60 Is Replete with Immaterial, Impertinent, and Scandalous Matter, the Core Target of Rule 12(f).**

Rule 12(f) authorizes the striking of "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This rule exists precisely to prevent the pollution of the record with matter having no bearing on the question before the Court.[4]

On materially indistinguishable facts, this Court recently granted an analogous motion to strike in *Doe v. Constant*, No. 1:24-cv-00554 (W.D. La. Dec. 12, 2024) (Edwards, J.).[5] There, the defendant filed an unauthorized supplemental filing that the plaintiff moved to strike as procedurally defective and containing "irrelevant and immaterial information."[6] This Court granted the motion, finding that the supplemental submission "does not further the merits of [the] defense, but rather attacks the character and credibility of Plaintiff's counsel by alleging a pattern of misconduct in matters unrelated to this lawsuit."[7] Document 60 is materially indistinguishable

---

[4] *5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2020)*

[5] Unpublished ruling attached as Exihibit "A"

[6] Slip op. at 2.

[7] Slip op. at 6.

— unauthorized, procedurally improper, and devoted in substantial part to attacking Plaintiff's counsel by reference to pleadings in unrelated state-court litigation.

Document 60 is indistinguishable in substance from the filing stricken in *Doe v. Constant*. Defendant's response to the Court's show cause order devotes substantial attention not to the narrow question the Court posed, but to unrelated state-court litigation involving Plaintiff's counsel, matters wholly collateral to the Rule 11(c)(3) inquiry before this Court. That material is immaterial, impertinent, and scandalous within the meaning of Rule 12(f), and this Court's own precedent confirms it should be stricken.

Although Rule 12(f) speaks literally of striking matter from "pleadings" as defined in Rule 7(a), this Court has previously applied Rule 12(f)'s principles to disregard "immaterial, impertinent, or scandalous matter" in non-pleading filings.[8] Document 60 is precisely the sort of filing Rule 12(f)'s principles — applied consistent with this Court's inherent authority — are meant to excise.

**D. Federalism and Comity Prohibit This Court from Acting as a "Super-Monitor" Over State-Court Proceedings.**

It is entirely improper for Defendant to ask this Court to act as a super-monitor over the dockets of state-court judges. Principles of federalism and comity counsel against a federal court exercising supervisory authority over attorney conduct in separate state-court proceedings.[9] Any

---

[8] See *Clark v. West Dealership,* No. 5:24-CV-01423, 2025 WL 318103, at *4 n.55 (W.D. La. Jan. 27, 2025) (Edwards, J.) *(invoking Rule 12(f) as authority to disregard frivolous scandalous assertions contained in an opposition brief).*

[9] See *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (articulating the "Our Federalism" doctrine and emphasizing "a proper respect for state functions" and the principle that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways"); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982) (recognizing the State's "extremely important interest in maintaining and

pleading irregularities in the unrelated state-court cases Defendant references are strictly within the province of the respective state-court judges to address under applicable state procedural law.[10]

Defendant's invitation for this Court to draw inferences from, and effectively adjudicate, alleged misconduct in state-court litigation exceeds the scope of the Rule 11(c)(3) inquiry and offends bedrock principles of comity.

**E. Document 60 Is a Transparent Attempt to Weaponize This Court's Show Cause Order for Collateral Tactical Advantage.**

Defendant is transparently attempting to weaponize this Court's *sua sponte* show cause order to multiply proceedings and exert improper pressure in its unrelated state-court litigation. Such tactical maneuvering is precisely the conduct this Court's inherent authority — discussed *supra* in Section II.B — exists to prevent. Document 60 does not assist this Court in the narrow disciplinary question before it; it distracts from that question by dragging in collateral material calculated to prejudice Plaintiff's counsel in unrelated forums.

**III. CONCLUSION**

For each of the foregoing reasons — and for any one of them independently — Document 60 should be stricken from the record.

WHEREFORE, Plaintiff prays that Defendant's Response to the Show Cause Order (Doc. 60) be STRICKEN from the record.

---

assuring the professional conduct of the attorneys it licenses" and that "[s]tates traditionally have exercised extensive control over the professional conduct of attorneys").

[10] See La. Code Civ. P. art. 863 (Louisiana's counterpart to Rule 11, committed to the supervisory authority of the presiding state-court judge).

Respectfully submitted,


/s/ W. Paul Wilkins
W. PAUL WILKINS, La. Bar No. 19830
ROSS M. LeBLANC, La. Bar No. 33940
DUDLEY DEBOSIER APLC
1075 Government Street
Baton Rouge, Louisiana 70802
Telephone: (225) 379-3433
Email: pwilkins@dudleydebosier.com
        rmleblanc@dudleydebosier.com


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 27th day of April 2026, a copy of the foregoing Memorandum

was served on all counsel of record via the Court's CM/ECF system.


/s/ W. Paul Wilkins
W. PAUL WILKINS