UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

HERBERT BROOKS                     CIVIL ACTION NO. 24-1063

VERSUS                             JUDGE EDWARDS

LOWES HOME CENTERS LLC             MAG. JUDGE PEREZ-MONTES

**MEMORANDUM ORDER**

In resolving a prior motion in this case, the Court discovered that the plaintiff's briefs contained misquoted or mischaracterized precedent. *See* ECF No. 58 at 6–8. The Court ordered Paul Wilkins ("Mr. Wilkins") and Ross LeBlanc ("Mr. LeBlanc"), counsel for the plaintiff, to show cause why they should not be sanctioned under Fed. R. Civ. P. 11.[1]  *See id.* at 8–9. Mr. LeBlanc denied any involvement in drafting the offending brief. *See* ECF No. 59. Mr. Wilkins took full responsibility. *See* ECF No. 60. Wilkins explained that he utilized an artificial intelligence ("AI") platform, Claude, to generate the brief. *See id.* at 2. As part of his process, Mr. Wilkins had Claude's draft reviewed by a human law clerk, who discovered that Claude had hallucinated quotations. *See id.* at 2–3. Mr. Wilkins then confronted Claude with the identified errors and entrusted Claude to correct them. *Id.* at 3. Instead, Claude just made up more stuff. *See id.* Mr. Wilkins filed that second output into the record without review. *Id.*

---

[1] While the Court was deciding this issue, the parties reached a settlement agreement. This does not deprive the Court of jurisdiction to award sanctions under Rule 11—even where the dismissal is voluntary. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–98 (1990). Additionally, the parties settled the unrelated issue of fees as a spoliation sanction, so the instant matter is all that remains unresolved.

To prevent this from happening again, Mr. Wilkins will have "a human with a law degree" perform a final check of every citation and quotation before filing briefs with the Court. *See id*. at 6. Now for the Court's sanction.

We commend Mr. Wilkins for his candor, honesty, and the remedial measures he has undertaken since the filing of the offending brief. But these mitigating factors do not excuse Mr. Wilkins' conduct. "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Nora v. M & A Transp., Inc.*, No. 25-1015, 2025 WL 2337132, at *3 (E.D. La. Aug. 13, 2025) (cleaned up). Unchecked, unleashing AI on the Court creates a "burden." *Fletcher v. Experian Info. Sols., Inc.,* 168 F.4th 231, 234 (5th Cir. 2026). Ignorance of the risks of AI usage is no longer an excuse. *See id*. at 235. And here, Mr. Wilkins affirmatively knew the risks. *See* ECF No. 61 at 2 (explaining that he has "extensive experience in using AI" and that he is "aware of the risks of hallucination and simulation."). How he then could have blindly and solely trusted Claude to remedy the brief is difficult to fathom. Accordingly,

**IT IS ORDERED** that Paul Wilkins is personally **SANCTIONED** for his conduct in this case in the amount of $1,000. This amount must be paid by Wilkins personally and may not be paid by his law firm.

**IT IS FURTHER ORDERED** that the sanction is to be paid by Friday, June 12, 2026, at 5:00 p.m. to:

Clerk, United States District Court, Western District of Louisiana,

515 Murray Street, Suite 105, Alexandria, Louisiana 71301

**IT IS FURTHER ORDERED** that Mr. Wilkins complete **three (3) hours** of CLE on AI-assisted legal practice before December 31, 2026, and certify completion by email to **Edwards_Motions@lawd.uscourts.gov.**

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Strike (ECF No. 66) is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** this 18th day of May, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

3